IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:11-cv-911 |
| | § | |
| FIRST CASH FINANCIAL SERVICES, | § | |
| INC. a/k/a FIRST CASH, LTD. and | § | |
| RICK L. WESSEL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO MOTION TO STAY ACTION AND COMPEL ARBITRATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, First Cash Financial Services, Inc. ("FCFS"), which is *not* known as "First Cash, Ltd." (a Texas limited partnership), and Rick L. Wessel ("Wessel") (hereinafter referred to collectively as "Defendants") answer Plaintiff's Original Complaint, subject to their Motion to Stay Action and Compel Arbitration, as follows:

*Nature of Action:*

1. Denied. Defendants are not debt collectors and engaged in no debt collection vis-a-vis Plaintiff, which makes the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Texas Debt Collection Act, TEX. FIN. CODE §392 et seq. inapplicable. Defendants engaged in no consumer transactions with Plaintiff, which makes the Texas Deceptive Trade

Practices and Consumer Protection Act inapplicable.  Defendants made no telephone calls to Plaintiff, which makes the Telephone Consumer Protection Act, 47 U.S.C. §227, inapplicable.

2.      Denied.  Plaintiff has no standing to assert claims for monetary damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., the Texas Debt Collection Act, TEX. FIN. CODE §392 et seq., the Texas Deceptive Trade Practices and Consumer Protection Act, and/or the Telephone Consumer Protection Act, 47 U.S.C. §227.  Moreover, such claims are not ripe or justiciable in this Court, due the fact that such claims are the subject matter of a binding arbitration agreement.

3.      Denied that 29 U.S.C. §1132 [Employee Retirement Income Security Program] provides for service upon Defendants.

*Jurisdiction and Venue:*

4.      Defendants admit that federal jurisdiction is appropriate for claims pursuant to 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 28 U.S.C. §1337, and 47 U.S.C. §227(b)(3) and that the Court may exercise pendent jurisdiction over causes of action arising under state law. Defendants deny that the factual basis for cognizable claims under such statutes and laws exists.

5.      Defendant FCFS admits that it transacts business within the Southern District of Texas. Defendant Wessel is a natural person residing in the Northern District of Texas. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5. Therefore, they are treated as denied.

*Parties:*

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.  Therefore, they are treated as denied.

2

1601217.1/005216.000000

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.  Therefore, they are treated as denied.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

***Factual Allegations:***

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.  Therefore, they are treated as denied.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.  Therefore, they are treated as denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

3

***Count I – Federal Debt Collection Practices Act; Defendant FCFS***

25.     Insofar as the allegations contained in the paragraphs above refer to alleged acts or omissions of Defendant FCFS, they are denied.

26.     Denied.  In response to the prayer set forth in Paragraph 26, Defendants deny that Plaintiff is entitled to the relief requested as against Defendant FCFS.

***Count II – Federal Debt Collection Practices Act; Defendant Wessel***

27.     Insofar as the allegations contained in the paragraphs above refer to alleged acts or omissions of Defendant Wessel, they are denied.

28.     Denied.  In response to the prayer set forth in Paragraph 28, Defendants deny that Plaintiff is entitled to the relief requested as against Defendant Wessel.

***Count III – Texas Debt Collection Act; Defendant FCFS***

29.     Insofar as the allegations contained in the paragraphs above refer to alleged acts or omissions of Defendant FCFS, they are denied.

30.     Denied.  Additionally, the "Texas Debt Collection Practices Act" misnames the Texas Debt Collection Act.  In response to the prayer set forth in Paragraph 30, Defendants deny that Plaintiff is entitled to the relief requested as against Defendant FCFS.

***Count IV – Telephone Consumer Protection Act;  Defendant  FCFS***

31.     Insofar as the allegations contained in the paragraphs above refer to alleged acts or omissions of Defendant FCFS, they are denied.

32.     Denied.  In response to the prayer set forth in Paragraph 32, Defendants deny that Plaintiff is entitled to the relief requested as against Defendant FCFS.

*Count V – Deceptive Trade Practices Act; Defendant FCFS*

33.     Insofar as the allegations contained in the paragraphs above refer to alleged acts or omissions of Defendant FCFS, they are denied.

34.     Defendants deny that the factual basis for cognizable claims under the Deceptive Trade Practices and Consumer Protection Act, TEX. BUS. & COM. CODE §17.505(a) exists. Additionally, the "Deceptive Trade Practices and Plaintiff Protection Act" misnames the Texas Deceptive Trade Practice and Consumer Protection Act.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.  Defendants further deny that Plaintiff is entitled to the relief requested as against Defendant FCFS.

41.     Defendants deny that Plaintiff is entitled to the relief requested as against Defendant FCFS.

42.     Defendants deny that Plaintiff is entitled to recover attorney's fees as against Defendant FCFS.  In response to the prayer set forth in Paragraph 42, Defendants deny that Plaintiff is entitled to the relief requested as against Defendant FCFS.

5

*Trial by Jury*:

43.     Defendants deny that Plaintiff is entitled to trial by jury, as Plaintiff signed a binding arbitration agreement to arbitrate the claims asserted herein, which is enforceable under the Federal Arbitration Act.

## AFFIRMATIVE DEFENSES AND SPECIAL DENIALS

Pleading affirmatively, Defendants hereby assert the following affirmative defenses and special denials as to Plaintiff's claims:

*First Defense:*

44.     Plaintiff has failed to meet or satisfy the conditions precedent to bringing this action.

*Second Defense:*

45.     Plaintiff has failed to give Defendants the required statutory notice prior to filing a suit asserting claims under the Texas Deceptive Trade Practices and Consumer Protection Act, which requires that this action to be stayed.  TEX. BUS. & COM. CODE §17.505.

*Third Defense:*

46.     Plaintiff has failed to state a claim upon which relief can be granted.

*Fourth Defense:*

47.     A valid and enforceable arbitration agreement exists that requires this action to be stayed while the subject claims against Defendants are arbitrated.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon trial Plaintiff

6

be denied all relief against Defendants that he seeks in this case; that he take nothing against Defendants by way of this action; that Defendants be awarded their costs and such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

COATS, ROSE, YALE, RYMAN & LEE, P.C.

By: *Patricia M. Rosendahl*

Patrick E. Gaas
TBA No. 07562790
Federal No. 10583
Patricia M. Rosendahl
TBA No.17276200
Federal No. 8870
3 E. Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

ATTORNEYS FOR DEFENDANTS,
FIRST CASH FINANCIAL SERVICES, INC.
AND RICK L. WESSEL

1601217.1/005216.000000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Original Complaint Subject to Motion to Stay Action and Compel Arbitration has been forwarded to the following counsel of record by e-file electronic transmission pursuant to the Electronic Case Management System of the United States District Court for the Southern District of Texas and certified mail, return receipt requested, this 26th day of April, 2011:

***Via Certified Mail, RRR #7160 3901 9845 8957 2565***
Mr. Dennis R. Kurz
Weisberg & Meyers, L.L.C.
Two Allen Center
1200 Smith Street, 16th Floor
Houston, Texas 77002
***Attorneys for Plaintiff, Mark White***

Patricia M. Rosendahl